UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

  - against -                                  No. 22 Civ. 1115 (LGS)

ROBERT LENARD BOOTH, a/k/a TREVOR
NICHOLAS, DANIEL T. WELLCOME JR.,
MICHAEL D'URSO, ANTONELLA
CHIARAMONTE, ALYSSA D'URSO, and JAY
GARNOCK,

        Defendants,

------------------------------------- x

# THE GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION TO INTERVENE AND FOR A COMPLETE STAY

                                                          DAMIAN WILLIAMS
                                                          United States Attorney for the
                                                          Southern District of New York
                                                          Attorney for the United States
                                                          of America

Andrew Jones
Jane Y. Chong
Assistant United States Attorneys

     *- Of Counsel -*

1

## PRELIMINARY STATEMENT

The United States of America, by and through Damian Williams, the United States Attorney for the Southern District of New York ("the Government"), respectfully submits this memorandum in support of its application (i) to intervene in the above-captioned case, pursuant to Rule 24 of the Federal Rules of Civil Procedure, and (ii) for a complete stay of this civil action (the "Civil Action") until the conclusion of the parallel criminal case, *United States v. Robert Lenard Booth, et al.*, S1 21 Cr. 652 (JSR) (the "Criminal Action").

The Criminal Action arises from the same facts and circumstances that underpin the Civil Action. As a result, a full stay is appropriate because any exchange of discovery would be asymmetrical and would merely allow the defendants to circumvent the criminal discovery rules and improperly tailor their defenses in the Criminal Action. Further, counsel for all defendants have informed the Government that their clients consent to the Government's request for a full stay.[1] Counsel for the Securities and Exchange Commission have represented to the Government that they take no position on the Government's request for a stay. Accordingly, and in light of all those circumstances, the Government respectfully requests that this Court enter an order staying this action until the completion of the Criminal Action.

## BACKGROUND

The Government is currently prosecuting defendants Robert Lenard Booth, Daniel Wellcome, Michael D'Urso, Antonella Chiaramonte, Alyssa D'Urso, and Jay Garnock for

---

1 Criminal counsel to Booth and criminal counsel to Michael D'Urso have each informed the Government that they have also been retained to represent them in the Civil Action. The remaining defendants, Wellcome, Alyssa D'Urso, Chiarmonte, and Garnock, have not retained counsel for the Civil Action, but have informed the Government, through their appointed criminal counsel that they do not object to the Government's motion.

devising and carrying out a scheme to defraud victim investors of millions of dollars as part of a so called "boiler room" investment scheme, and to launder the proceeds of the fraud. Victims of the scheme were conned into believing that they were investing in shares of American companies and given instructions to send payment for their purported investments to bank accounts in New York and elsewhere. Instead of investing the victims' money, the defendants simply stole it, more than $8 million in total. *See* Indictment S1 22 Cr. 652 (JSR) (attached hereto as Exhibit A) at ¶¶ 1, 8.[2] The SEC has, in its Complaint, alleged similar claims against the same defendants during the same time. *See* Complaint ¶¶ 1-2.

    Based on the allegations in the SEC's Complaint, the Government expects that many of the witnesses and documents that would be featured in the Criminal Action would also be featured in the Civil Action. The Government understands that the Court has ordered a pretrial conference to occur on April 13, 2022, and that, in advance of that conference, the parties must discuss and propose a civil case management plan that would contemplate the production of, among other things, records the SEC obtained from the Government, names of likely trial witnesses, and records and statements related to witnesses likely to testify at any criminal trial. *See* ECF Doc. 5 (notice of initial pretrial conference); *Model Civil Case Management Plan*, available at: https://nysd.uscourts.gov/sites/default/files/practice_documents/pggCivilCaseManagementPlanAndSchedulingOrder.pdf. Accordingly, discovery in the Civil Action is likely to commence shortly.

---

2 Defendant Daniel Wellcome is not named as a defendant in the Criminal Action but pleaded guilty to the same conduct in Information 22 Cr. 196 (PKC).

**ARGUMENT**

The Government's requests to intervene and for a complete stay of this civil action should be granted. If this case were to proceed, there would be a risk of significant interference with the Criminal Action. Significantly, none of the parties in this case oppose the Government's requests and a complete stay would prejudice no party to this civil action; would prevent the circumvention of important statutory limitations on criminal discovery and avoid asymmetrical discovery; and would preserve the Court's resources because many of the issues presented by the Civil Action will be resolved in the Criminal Action.

**I.     THE GOVERNMENT SHOULD BE GRANTED PERMISSION TO INTERVENE**

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, anyone may intervene as of right in an action when the applicant "claims an interest relating to the property or transaction that is the subject of the action" and the applicant "is so situated that 'disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests. . . .'" Alternatively, Rule 24(b)(2) provides for permissive intervention when the movant "has a claim or defense that shares with the main action a common question of law or fact." The Government respectfully submits that its application satisfies both of these provisions given the effect this civil proceeding would have on the Criminal Action and the identity of claims and facts between the parallel actions.

As a general rule, courts "have allowed the government to intervene in civil actions— especially when the Government wishes to do so for the limited purpose of moving to stay discovery." *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992); *see also SEC v. Credit Bancorp.*, 297 F.3d 127, 130 (2d Cir. 2002). The Government has a

"discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988).

As an initial matter, intervention is warranted because the Government's interests in upholding the public interest in enforcement of the criminal laws cannot be protected adequately by the existing parties in this civil litigation, none of whom represent the Government's interests with respect to the investigation and enforcement of federal criminal statutes. *See Bureerong v. Uvawas*, 167 F.R.D. 83 (C.D.Cal. 1996) ("the Government's prosecutorial and investigative interest is not adequately protected by any of the civil parties . . . . Clearly neither the plaintiff or the defendants have this identical interest.").

Moreover, a trial in this action in advance of a related criminal trial could impair or impede the Government's ability to protect its interests in the enforcement of federal criminal law. This case and the related Criminal Action arise from the same alleged boiler room investment fraud scheme. Holding a civil trial before a criminal trial would create the possibility that there will be two trials covering the same fraudulent acts. This raises the probability that witnesses will be unnecessarily burdened by having to testify twice. Given that many witnesses will likely have to travel from abroad, the burden here from giving repeated testimony would be significant. In light of those circumstances, the Government respectfully submits that its application to intervene should be granted.

## II. A COMPLETE STAY OF DISCOVERY IS APPROPRIATE

This Court has the inherent power to stay discovery in the interests of justice pending the completion of a parallel criminal trial. *See Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986)

("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action.") (internal citations and quotations omitted). "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). When considering whether to grant a stay, courts balance the following factors:

    (1) the extent to which the issues in the criminal case overlap with those presented in the civil case;

    (2) the status of the case, including whether the defendants have been indicted;

    (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay;

    (4) the private interests of and burden on the defendants;

    (5) the interest of the court; and

    (6) the public interest.

*SEC v. Treadway*, No. 04 Civ. 3464 (VM) (JCF), 2005 WL 713826, at *2-*3 (S.D.N.Y. March 30, 2005) (quoting *In re Worldcom, Inc. Sec. Litig.*, Nos. 02 Civ. 3288, 02 Civ. 4816, 2002 WL 31729501, at *4 (S.D.N.Y. Dec. 5, 2002)); *see also Volmar Distrib., Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (listing similar factors). "Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice." *Id.*

    Here, the parallel Criminal Action arises from an identical set of facts and circumstances that underlie this action. In similar situations, courts in this Circuit and others have often entered

a stay of parallel civil actions, even over a defendant's objection. *See, e.g., SEC v. Canafarma Hemp Products, et al.*, 21 Civ. 8211 (PGG), ECF Doc. No. 28 (S.D.N.Y. Dec. 28, 2021) (granting full stay with consent of defendants and non-objection of plaintiff); *CFTC v. Baldwin*, et al., 21 Civ. 5707 (LJL), ECF Doc. 54 (S.D.N.Y. Nov. 15, 2021) (granting stay of all proceedings except for entry of default judgment against non-appearing defendants); *SEC v. Hu*, 20 Civ. 5496 (DLC), ECF Doc. 12 (S.D.N.Y. Sep. 21, 2020) (granting full stay with consent of defendant and non-objection of plaintiff); *SEC v. Blakstad*, 19 Civ. 6387 (DLC), ECF Doc. 17 (S.D.N.Y. Sep. 10, 2019); *SEC v. Pinto-Thomaz*, 18 Civ. 5757 (JPO), ECF Doc. 21 (S.D.N.Y. Oct. 11, 2018); *SEC v. Wey*, 15 Civ. 7116 (PKC) (S.D.N.Y. June 9, 2016) (after Government's motion for partial stay of discovery, and over objection of multiple defendants, implementing full stay of discovery, with the exception that SEC would produce testimony transcripts that had been produced in criminal case); *SEC v. Durante et al.*, 15 Civ. 9874 (RJS) (S.D.N.Y. Mar. 23, 2016) (after Government's initial motion for partial stay of discovery, fully staying discovery and proceedings in the matter); *SEC v. Shkreli, et al.*, 15 Civ. 7175 (KAM), 2016 WL 1122029, at **2-7 (E.D.N.Y. Mar. 22, 2016) (granting, over defendants' opposition, a full stay); *SEC v. Dubovoy*, 15 Civ. 6076, Docket No. 244 (Transcript of Oral Decision) (D.N.J. Jan. 29, 2016) (granting stay of discovery of civil case in light of parallel criminal action, notwithstanding "vigorous[] oppos[ition]" (*see id.* at 7) from certain of the civil defendants who were not a party to the criminal action); *SEC v. One or More Unknown Purchasers of Securities of Global Indus., Ltd.*, No. 11 Civ. 6500 (RA), 2012 WL 5505738, at *3 (S.D.N.Y. Nov. 9, 2012) (granting U.S. Attorney's Office request for full stay of discovery for six months over defendant's objection while criminal investigation was proceeding but prior to any criminal charge); *Harris v. Nassau*

*County et al.*, 2014 WL 3491286, at *4 (E.D.N.Y. July 11, 2014) ("Courts consistently hold that a stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct." (quotation marks omitted)); *SEC v. Nicholas*, 569 F. Supp. 2d 1065, 1070 (C.D. Cal. 2008).

### A. Discussion

All relevant factors weigh in favor of stay of this action.

#### 1. The Extent of Overlap

"The strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter." *Volmar Distrib.*, 152 F.R.D. at 39 (citing Judge Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (S.D.N.Y. 1989) ("The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues.")); *see also Parker v. Dawson*, No. 06 Civ. 6191 (JFB) (WDW), 2007 WL 2462677, at *4 (E.D.N.Y. Aug. 27, 2007) (same); *United States v. One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter").

Here, the facts underlying the civil case are substantially subsumed by the facts underlying the criminal case: both concern the defendants' investment fraud scheme. Virtually all of the same documents, witnesses, and other evidence that would be used by the SEC to prove their case would also be used to prove aspects of the Government's case. As a result, this factor weighs heavily in favor of a stay. Allowing the Civil Action to proceed at this time would create a serious risk that substantially the same set of facts would have to be proven twice in two

different proceedings, draining resources from the courts and from the Government and inconveniencing witnesses.

### 2. Status of the Criminal Action

The return of the Indictment in the Criminal Action is a factor that weighs in favor of a stay. *See Trustees of Plumbers and Pipefitters Nat'l Pension Fund, et al. v. Transworld Mechanical, Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) ("A stay of a civil case is most appropriate when a party to the civil case has already been indicted for the same conduct. . ."); *Volmar Distrib.*, 152 F.R.D. at 39.

### 3. Prejudice to the Parties

A full stay of discovery will not prejudice the parties in the Civil Action. The SEC has indicated that it does not oppose the Government's request, so there can be no argument that there would be prejudice to the plaintiff by staying this action. *See Shkreli*, 2016 WL 1122029, at *5 (citing cases). All defendants, for their part, have consented to a stay, and, in any event, the individual defendants' right against self-incrimination in the face of parallel criminal proceedings will essentially make it impossible for the Civil Action to be resolved until the completion of the Criminal Action, irrespective of a stay. *See Tuzman*, 15 Civ. 7057.

### 4. The Public Interest

The Government and the public have an important interest in ensuring that civil discovery is not used to circumvent the well-founded restrictions that pertain to criminal discovery — restrictions that, *inter alia*, preserve the truth-seeking functions of the criminal process by restraining the ability of criminal defendants to tailor testimony, suborn perjury, manufacture evidence or intimidate witnesses. *See United States v. Percevault*, 490 F.2d 126,

129 (2d Cir. 1974) (noting that the Jencks Act, 18 U.S.C. § 3500, "represents a legislative determination that access to a witness' statements could be useful in impeaching a witness but was not intended to be utilized in preparation for trial"); *United States v. McCarthy*, 292 F. Supp. 937, 942 (2d Cir. 1968) ("The claimed need to see such statements in advance in order to prepare to rebut them is little more than open notice of an intention to tailor testimony to fit the statement."); *S.E.C. v. Nicholas*, 569 F. Supp. 2d 1065, 1070 (C.D. Cal. 2008) (the criminal rules were "purposefully limited so as to prevent perjury and manufactured evidence, to protect potential witnesses from harassment and intimidation, and to level the playing field between the government and the defendant, who would be shielded from certain discovery by the Fifth Amendment").

Rule 16 of the Federal Rules of Criminal Procedure and Title 18, United States Code, Section 3500 provide that in criminal cases, the statements of Government witnesses shall not be the subject of discovery "until said witness has testified on direct examination" at trial. Thus, in the Criminal Action, the Defendants would not be statutorily entitled to demand the balance of discovery until trial.

Courts repeatedly have recognized that a civil litigant should not be allowed to use civil discovery to avoid the restrictions that would otherwise pertain in criminal discovery to a criminal defendant. *See, e.g.*, *S.E.C. v. Beacon Hill Asset Management LLC*, No. 02 Civ. 8855 (LAK), 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (in granting government's motion to stay, court noted: "The principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases."); *Phillip Morris Inc. v. Heinrich*, No. 95 Civ. 328 (LMM), 1996 WL 363156,

at *19 (S.D.N.Y. June 28, 1996) (granting stay motion because of government's justification that if "civil discovery is not stayed, the criminal investigation will be prejudiced, as the Defendants may have an opportunity to gain evidence to which they are not entitled under criminal discovery rules."); *Bd. of Governors of the Federal Reserve System v. Pharaon*, 140 F.R.D. 634, 639 (S.D.N.Y. 1991) ("'A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal trial'") (quoting *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1952)). In *Tuzman*, this Court outlined three principal Government interests justifying a stay of discovery of civil proceedings while parallel criminal proceedings are pending:

> First, broad disclosure of the essentials of the prosecution's case may lead to perjury and manufactured evidence. Second, revelation of the identity of prospective witnesses may create the opportunity for intimidation. Third, criminal defendants may unfairly surprise the prosecution at trial with information developed through [civil] discovery, while the self-incrimination privilege would effectively block any attempts by the Government to discover relevant evidence from the defendants.

*Tuzman*, No. 15 Civ. 7057 (AJN), at 3-4 (internal citations and quotations omitted).

These principles apply with equal force here. The defendants should not be permitted to circumvent the criminal discovery process merely because they find themselves defending a civil regulatory lawsuit as well. Further, the parties in this action will have ample time conduct full civil discovery as needed after the criminal trial. Moreover, in the absence of a stay, and given the high degree of factual overlap between the parallel actions, and apart from any concerns about tampering or intimidation, there is a substantial likelihood that foreign witnesses would have to travel to the United States for testimony in two separate proceedings, first the civil and

then the criminal. This would constitute a clear and unnecessary hardship for the witnesses and one that could readily be avoided through the grant of a stay.

Therefore, in order to avoid circumvention of the criminal discovery restrictions, and because the defendants will not in any way be prejudiced in preparing and defending themselves, the public interest weighs in favor of the Government's application.

### 5. *The Interests of the Courts*

Considerations of judicial economy also weigh in favor of granting a stay. Issues common to both cases can be resolved in the criminal proceeding, thereby simplifying the civil action. *See also SEC v. Contorinis*, No. 09 Civ. 1043 (RJS), 2012 WL 512626, at *2 (S.D.N.Y. Feb. 3, 2012) ("Courts in this district have consistently found that a defendant convicted of securities fraud in a criminal proceeding is collaterally estopped from relitigating the underlying facts in a subsequent civil proceeding"); *LaBianca*, 801 F. Supp. at 1010-11 (recognizing judicial economy as a factor to be considered). Because the Criminal Action's outcome could directly affect the conduct, scope, and result of the civil proceeding, this factor favors the Government's application.

## CONCLUSION

In sum, and as set forth above: there is considerable overlap between the parallel proceedings; an indictment has been returned in the Criminal Action; there is no prejudice to the parties from the requested stay; there is a strong public interest in preventing the civil discovery rules from being used to improperly obtain discovery in the Criminal Action; and judicial economy is ensured from the requested stay. Therefore, the balance of factors overwhelmingly favors the requested stay. Accordingly, the Government respectfully requests that its application

to intervene and for a stay be granted in its entirety.

Dated: New York, New York
       March 31, 2022

                                           Respectfully submitted,

                                           DAMIAN WILLIAMS
                                           United States Attorney

By: _____
                                           Andrew Jones
                                           Jane Y. Chong
                                           Assistant United States Attorneys
                                           One Saint Andrew's Plaza
                                           New York, New York 10007