# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ROBERT LENARD BOOTH, a/k/a TREVOR
NICHOLAS, DANIEL T. WELLCOME JR.,
MICHAEL D'URSO, ANTONELLA
CHIARAMONTE, ALYSSA D'URSO, and JAY
GARNOCK,

Defendants.

Civ. # 1:22-cv-01115-JHR

---

## CONSENT OF DEFENDANT MICHAEL D'URSO

1.      Defendant Michael D'Urso ("Defendant") acknowledges having been served with

the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over

Defendant and over the subject matter of this action.

2.      Defendant has pleaded guilty to criminal conduct relating to certain matters

alleged in the complaint in this action.  Specifically, in *United States v. Robert Lenard Booth, et*

*al.*, No. 1:21-cr-00652 (S.D.N.Y.), Defendant pleaded guilty to conspiracy to commit securities

fraud and operate an unlicensed money-transmitting business in violation of Title 18 United

States Code, Section 371; conspiracy to commit wire fraud in violation of Title 18 United States

Code, Section 1349; and conspiracy to commit money laundering in violation of Title 18 United

States Code, Section 1956(h).  In connection with that plea, Defendant admitted the facts set out

in the transcript of his plea allocution that is attached as Exhibit A to this Consent.  This Consent

shall remain in full force and effect regardless of the existence or outcome of any further

1

proceedings in *United States v. Robert Lenard Booth, et al.*

3.     Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

      (a)    permanently restrains and enjoins Defendant from violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5]; Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)]; and Section 15(a) of the Exchange Act;

      (b)    permanently restrains and enjoins Defendant from directly or indirectly participating in the issuance, purchase, offer, or sale of any security; provided, however, that such injunction shall not prevent him from purchasing or selling securities listed on a national securities exchange for his own personal account;

      (c)    orders that Defendant is liable for disgorgement in the amount of $354,236, plus prejudgment interest thereon in the amount of $12,607, which is deemed satisfied by the entry of the restitution order in the related criminal case, *United States v. Robert Lenard Booth, et al.*, No. 1:21-cr-00652 (S.D.N.Y.), requiring him to pay $8,402,214.67.

4.     Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.     Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.     Defendant enters into this Consent voluntarily and represents that no threats,

2

offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.      Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.      Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a

3

statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant acknowledges the guilty plea for related conduct described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order

4

issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C.

§523(a)(19).  If Defendant breaches this agreement, the Commission may petition the Court to

vacate the Final Judgment and restore this action to its active docket.  Nothing in this paragraph

affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in

litigation or other legal proceedings in which the Commission is not a party.

     12.    Defendant hereby waives any rights under the Equal Access to Justice Act, the

Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

seek from the United States, or any agency, or any official of the United States acting in his or

her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

expenses, or costs expended by Defendant to defend against this action.  For these purposes,

Defendant agrees that Defendant is not the prevailing party in this action since the parties have

reached a good faith settlement.

     13.    Defendant agrees that the Commission may present the Final Judgment to the

Court for signature and entry without further notice.

     14.    Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.

Dated: _____

_____
**Michael D'Urso**

The foregoing document was acknowledged before me this ___ day of ____, 2024, by
MICHAEL D'URSO, who is personally known to me.

Print Name: _J. Plachcinski_

Signature:

_____
Correctional Counselor
FCI Danbury

_____

5

# EXHIBIT A

M991DURP

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4           v.               21 Cr. 652 (JSR)

5    MICHAEL D'URSO,

6             Defendant.     Plea
     ------------------------------x
7
                                New York, N.Y.
8                           September 9, 2022
                           2:39 p.m.
9

10   Before:

11                 HON. JED S. RAKOFF,

12                              District Judge

13

14                    APPEARANCES

15   DAMIAN WILLIAMS
        United States Attorney for the
        Southern District of New York
16   BY:  ANDREW W. JONES, ESQ.
        JANE CHONG, ESQ.
17        Assistant United States Attorneys

18   JOHN L. MACCARONE, ESQ.
        Attorney for Defendant
19

20

21

22

23

24

25

Case 1:22-cv-01115-JHR    Document 48-1    Filed 05/30/25    Page 9 of 24
Case 1:21-cr-00652-JSR    Document 137    Filed 10/03/22    Page 2 of 17          2
M991DURP

1           (Case called)

2           THE DEPUTY CLERK:  Will everyone please be seated and

3    will the parties draw a microphone close to them and identify

4    themselves for the record.

5           MR. JONES:  Good afternoon, your Honor.  Andrew Jones

6    and Jane Chong for the government.

7           THE COURT:  Good afternoon.

8           MR. MACCARONE:  For Mr. D'Urso, John Maccarone.  Good

9    afternoon, your Honor.

10          THE COURT:  Good afternoon.  Please be seated.

11          So my understanding is that the defendant wishes to

12   withdraw his previously entered plea of not guilty and plead

13   guilty to Counts One, Two, and Three of Indictment

14   S1 21 Cr. 652; is that correct?

15          MR. MACCARONE:  It is, your Honor.

16          THE COURT:  Place the defendant under oath.

17          THE DEPUTY CLERK:  Will the defendant please rise and

18   raise his right hand.

19          (Defendant sworn)

20          THE DEPUTY CLERK:  Please be seated.

21          THE COURT:  So Mr. D'Urso, let me first advise you

22   that because you're under oath, anything you say that is

23   knowingly false could subject you to punishment for perjury or

24   obstruction of justice or the making of false statements.  Do

25   you understand?

M991DURP

1              THE DEFENDANT:  Yes.

2              THE COURT:  Do you read, write, speak, and understand

3      English?

4              THE DEFENDANT:  Yes, I do.

5              THE COURT:  How far did you go in school?

6              THE DEFENDANT:  High school.

7              THE COURT:  And how old are you now?

8              THE DEFENDANT:  55.

9              THE COURT:  Have you ever been treated by a

10     psychologist or psychiatrist?

11             THE DEFENDANT:  No.

12             THE COURT:  Have you ever been hospitalized for any

13     mental illness?

14             THE DEFENDANT:  No.

15             THE COURT:  Have you ever been treated or hospitalized

16     for alcoholism?

17             THE DEFENDANT:  No.

18             THE COURT:  Have you ever been treated or hospitalized

19     for drug addiction?

20             THE DEFENDANT:  No.

21             THE COURT:  Are you currently under the care of a

22     doctor for any reason?

23             THE DEFENDANT:  No.

24             THE COURT:  In the last 24 hours have you taken any

25     pill or medicine of any kind?

M991DURP

1          THE DEFENDANT:  No.  Vitamins.

2          THE COURT:  Pardon?

3          THE DEFENDANT:  Vitamins.

4          THE COURT:  Okay.  And is your mind clear today?

5          THE DEFENDANT:  Yes.

6          THE COURT:  And do you understand these proceedings?

7          THE DEFENDANT:  I do.

8          THE COURT:  On the basis of the defendant's responses

9   to my questions and my observation of his demeanor, I find he

10   is fully competent to enter an informed plea at this time.

11          Now you have a right to be represented by counsel at

12   every stage of this proceeding.  Do you understand that?

13          THE DEFENDANT:  Yes.

14          THE COURT:  And if at any time you can't afford

15   counsel, the Court will appoint one to represent you free of

16   charge throughout the proceedings.  Do you understand that?

17          THE DEFENDANT:  Yes.

18          THE COURT:  You're represented by Mr. -- is it

19   pronounced Maccarone?

20          MR. MACCARONE:  It is, your Honor.

21          THE COURT:  -- by Mr. Maccarone.  Are you satisfied

22   with his representation?

23          THE DEFENDANT:  I am.

24          THE COURT:  And have you had a full opportunity to

25   discuss this matter with him?

Case 1:22-cv-01115-JHR   Document 48-1   Filed 05/30/25   Page 12 of 24
Case 1:21-cr-00652-JSR   Document 137   Filed 10/03/22   Page 5 of 17        5
M991DURP

1          THE DEFENDANT:  Yes, I have.

2          THE COURT:  And have you told him everything you know

3    about this matter?

4          THE DEFENDANT:  Absolutely.

5          THE COURT:  Now you had previously entered a plea of

6    not guilty, and we had set a trial date for later this month,

7    but I understand that you wish to enter a plea of guilty; is

8    that right?

9          THE DEFENDANT:  That is.

10          THE COURT:  Before I can accept any plea of guilty, I

11    need to make certain, among other things, that you understand

12    the rights that you will be giving up if you plead guilty.  So

13    I want to go over with you now the rights that you will be

14    giving up.  Do you understand?

15          THE DEFENDANT:  Yes.

16          THE COURT:  And first, you have a right to a speedy

17    and a public trial by a jury on the charges against you.  Do

18    you understand that?

19          THE DEFENDANT:  Yes.

20          THE COURT:  And second, even if there were a trial,

21    you would be presumed innocent, and the government would be

22    required to prove your guilt beyond a reasonable doubt before

23    you could be convicted of any charge.  Do you understand that?

24          THE DEFENDANT:  Yes, I do.

25          THE COURT:  Third, at the trial, you'd have the right

M991DURP

1     to be represented by counsel, and once again, if at any time

2     you could not afford counsel, the Court would appoint one to

3     represent you free of charge throughout the trial and all other

4     proceedings.  Do you understand that?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Fourth, at the trial, you would have the

7     right to see and hear all of the witnesses and other evidence

8     against you, and your attorney could cross-examine the

9     government's witnesses and object to the government's evidence,

10    and could offer evidence on your own behalf if you so desired,

11    and could have subpoenas issued to compel the attendance of

12    witnesses and other evidence on your behalf.  Do you understand

13    that?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Fifth, at the trial, you would have the

16    right to testify if you wanted to, but no one could force you

17    to testify if you did not want to, and no suggestion of guilt

18    could be drawn against you simply because you chose not to

19    testify.  Do you understand that?

20             THE DEFENDANT:  Yes.

21             THE COURT:  And finally, even if you were convicted of

22    one or more of these charges, you would have the right to

23    appeal your conviction.  Do you understand that?

24             THE DEFENDANT:  Yes, I do.

25             THE COURT:  Now do you understand that if you plead

M991DURP

1    guilty, you will be giving up each and every one of the rights

2    we just discussed?  Do you understand that?

3                THE DEFENDANT:  I do.

4                THE COURT:  Very good.

5                Now Count One charges you with conspiracy—in other

6    words, an agreement between you and at least one other

7    person—to commit securities fraud and operate unlicensed

8    money-transmitting businesses; count Two charges you with

9    conspiracy to commit wire fraud—that is, fraud involving the

10   use of interstate wires; and Count Three charges you with

11   conspiracy to commit money laundering.  Have you gone over all

12   three of those charges with your lawyer?

13               THE DEFENDANT:  Yes.

14               THE COURT:  And do you understand the charges against

15   you?

16               THE DEFENDANT:  I do.

17               THE COURT:  And let me ask counsel, do you want the

18   indictment for those three counts read again here in open court

19   or do you waive the public reading?

20               MR. MACCARONE:  We waive, your Honor.

21               THE COURT:  So with respect to Count One, the

22   conspiracy to commit securities fraud and to operate unlicensed

23   money-transmitting businesses, that count carries a maximum

24   sentence of five years' imprisonment, to be followed by up to

25   three years' supervised release, plus a fine of whichever is

M991DURP

1     greatest, either $250,000 or twice the money derived from the

2     conspiracy or twice the loss to victims of the conspiracy, plus

3     a mandatory $100 special assessment.  Do you understand those

4     are the maximum charges under Count One?

5                THE DEFENDANT:  I do.

6                THE COURT:  And Count Two, the wire fraud conspiracy,

7     carries a maximum sentence of 20 years' imprisonment, to be

8     followed by up to three years' supervised release, plus a

9     maximum fine of whichever is greatest, either $250,000 or twice

10    the gross gain or twice the gross loss, plus a mandatory $100

11    special assessment.  Do you understand those are the maximum

12    punishments under Count Two?

13               THE DEFENDANT:  I do.

14               THE COURT:  And Count Three, the conspiracy to commit

15    money laundering, carries a maximum sentence of 20 years'

16    imprisonment, plus up to three years' supervised release to

17    follow any imprisonment, plus a fine of whichever is greatest,

18    either $500,000 or twice the gross loss or twice the gross

19    gain, plus a mandatory $100 special assessment.  Do you

20    understand those are the maximum punishments under Count Three?

21               THE DEFENDANT:  Yes.

22               THE COURT:  Now do you also understand that if you

23    plead guilty to all three counts, the Court could sentence you

24    cumulatively so that you would face a maximum of up to 45 years

25    in prison?  Do you understand that?

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

Case 1:22-cv-01115-JHR   Document 48-1   Filed 05/30/25   Page 16 of 24
Case 1:21-cr-00652-JSR   Document 137   Filed 10/03/22   Page 9 of 17          9
M991DURP

1          THE DEFENDANT:  I do.

2          THE COURT:  Also, do you understand if the Court

3   imposes any term of supervised release to follow any

4   imprisonment and you were to violate any of the conditions of

5   supervised release, that violation in and of itself could

6   subject you to still further imprisonment going even beyond the

7   term of supervised release?  Do you understand that?

8          THE DEFENDANT:  Yes, I do.

9          THE COURT:  Now at this point in time I have actually

10   no idea whatsoever what sentence I will impose if you plead

11   guilty, but one of the things I will look at are the sentencing

12   guidelines, which are certain laws that are not binding on the

13   Court but that recommend a range in which it is recommended the

14   Court sentence you.  Have you gone over the guidelines with

15   your lawyer?

16          THE DEFENDANT:  Yes.

17          THE COURT:  And in that connection, I've been

18   furnished with a letter agreement, which we will now mark as

19   Court Exhibit 1 to today's proceeding, and it takes the form of

20   a letter dated August 26, 2022, from government counsel to

21   defense counsel, and it appears, Mr. D'Urso, that you signed it

22   on August 30; is that right?

23          (Defendant conferring with his counsel)

24          THE DEFENDANT:  Oh, yes.

25          THE COURT:  Before signing it, did you read it?

M991DURP

1          THE DEFENDANT:  Yes.

2          THE COURT:  Did you discuss it with your lawyer?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Did you understand its terms?

5          THE DEFENDANT:  I did.

6          THE COURT:  And did you sign it in order to indicate

7    your agreement to its terms?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Now this letter agreement is binding

10   between you and the government, but it's not binding on me;

11   it's not binding on the Court.  Do you understand that?

12         THE DEFENDANT:  I do.

13         THE COURT:  For example, under this letter, you and

14   the government have stipulated that the guideline range is 168

15   to 210 months in prison.  I may agree with that or I may

16   disagree with that.  Even if I agree with it, I may sentence

17   you to more or less or anywhere in between, and regardless of

18   where I come out, if you plead guilty, you will still be bound

19   by my sentence.  Do you understand that?

20         THE DEFENDANT:  I do.

21         THE COURT:  More generally, do you understand that if

22   anyone has made any kind of prediction or estimate or

23   representation to you of what your sentence will be in this

24   case, that person could be wrong, and nevertheless, if you

25   plead guilty, you will still be bound by my sentence?  Do you

M991DURP

1    understand that?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Does the government represent that this

4    letter agreement that we've now marked as Court Exhibit No. 1

5    represents the entirety of any and all agreements between the

6    government and Mr. D'Urso?

7              MR. JONES:  Yes, your Honor.  In accordance with the

8    agreement, I think a proffer agreement signed between the

9    defendant and us --

10             THE COURT:  I'm sorry?

11             MR. JONES:  Yes, your Honor, we do.

12             THE COURT:  Okay.  And does defense counsel agree that

13   this letter agreement is the entirety of any and all agreements

14   between the government and your client?

15             MR. MACCARONE:  Yes, your Honor.

16             THE COURT:  And Mr. D'Urso, do you also so agree?

17             THE DEFENDANT:  Yes.

18             THE COURT:  Mr. D'Urso, other than the government, has

19   anyone else made any kind of promise to you or offered you any

20   inducement to get you to plead guilty?

21             THE DEFENDANT:  No.

22             THE COURT:  Has anyone threatened or coerced you in

23   any way to get you to plead guilty?

24             THE DEFENDANT:  Not at all.

25             THE COURT:  Does the government represent that if this

Case 1:22-cv-01115-JHR   Document 48-1   Filed 05/30/25   Page 19 of 24
Case 1:21-cr-00652-JSR   Document 137   Filed 10/03/22   Page 12 of 17      12
M991DURP

1    case were to go to trial, it could, through competent evidence,

2    prove every essential element of these three charges beyond a

3    reasonable doubt?

4                MR. JONES:  Yes, your Honor.

5                THE COURT:  Does defense counsel know of any valid

6    defense that would likely prevail at trial or any other reason

7    why his client should not plead guilty?

8                MR. MACCARONE:  No, your Honor.

9                THE COURT:  Then Mr. D'Urso, tell me in your own words

10   what it is you did that makes you guilty of these charges.

11               THE DEFENDANT:  Your Honor, I conspired with others to

12   commit securities fraud—namely, Danny Wellcome.  I opened up

13   bank accounts knowing people were buying securities, and that

14   the securities were bought -- that were bought, that I agreed

15   with others to collect and open and put into these bank

16   accounts and then transfer the funds; afterwards, a portion of

17   the proceeds were taken and the balances delivered to the

18   offices that the people who signed up with.

19               THE COURT:  So just so I understand what you just

20   said, do I understand that you, in agreement with others,

21   induced people to make investments in securities that actually

22   were not going to be used for investments in those securities

23   but were to be diverted elsewhere; is that right?

24               MR. MACCARONE:  Your Honor, he agrees with that

25   statement in all effects except he didn't induce anybody.  He

M991DURP

1   knew others were inducing people.

2               THE COURT:  Okay.  Very good.  It was part of an

3   agreement that included others, to your knowledge, inducing

4   people, yes?

5               THE DEFENDANT:  Yes, your Honor.

6               THE COURT:  Okay.  And then you helped.

7               THE DEFENDANT:  By opening up bank accounts.

8               THE COURT:  Bank accounts for the purpose of

9   concealing the proceeds and transferring them to other people,

10  yes?

11              THE DEFENDANT:  Yes.

12              THE COURT:  Okay.  And when you did all this, you knew

13  that what you were doing was illegal and wrong, yes?

14              THE DEFENDANT:  Yes.

15              THE COURT:  And where were you located when this

16  occurred?

17              THE DEFENDANT:  On Long Island, New York.

18              THE COURT:  So let me ask the government, what's the

19  proof regarding venue?

20              MR. JONES:  Your Honor, if this were to go to trial,

21  we'd introduce bank records showing that victim money paid to

22  the defendant's accounts transited through the Southern

23  District of New York and that when he was sending the laundered

24  payments back to other co-conspirators, that the money again

25  went back through the Southern District of New York.

M991DURP

```
 1              THE COURT:  Went backwards?

 2              MR. JONES:  Back through; incoming and outgoing money

 3    went through the Southern District of New York.

 4              THE COURT:  Okay.  Thank you very much.

 5          So is there anything else regarding the factual

 6    portion of the allocution that the government wishes the Court

 7    to further inquire about?

 8              MR. JONES:  Yes, your Honor.  I think it's implicit

 9    here as to the wiring of the money, but if the Court could

10    inquire of the defendant whether he used any text messages or

11    emails to communicate with the co-defendants, and then also --

12              THE COURT:  No.  Stop there.

13          In doing all the things you told us about a few

14    minutes ago, did you use text messages and other forms of

15    interstate communication?

16              THE DEFENDANT:  Yes.

17              THE COURT:  All right.

18              MR. JONES:  And then as to the money-transmitting

19    business charge, if the Court could inquire of the defendant

20    whether the bank accounts that he held were in the names of

21    corporate entities and whether those corporate entities ever

22    sought or received money-transmitting business licenses from

23    the federal or state governments.

24              THE COURT:  Okay.  You heard those questions.  Is that

25    correct?
```

Case 1:22-cv-01115-JHR   Document 48-1   Filed 05/30/25   Page 22 of 24
Case 1:21-cr-00652-JSR   Document 137   Filed 10/03/22   Page 15 of 17   15
M991DURP

1          THE DEFENDANT:  Yes.

2          THE COURT:  Okay.  Anything else?

3          MR. JONES:  To clarify the answer, the defendant's

4    businesses did not receive licenses.

5          MR. MACCARONE:  That is correct.

6          THE COURT:  Okay.  Very good.

7          MR. JONES:  Nothing else, your Honor.

8          THE COURT:  Is there anything else regarding any other

9    aspect of the allocution that the government or the defense

10   wishes the Court to further inquire about before I ask the

11   defendant to formally enter his plea?  Anything else from the

12   government?

13         MR. JONES:  No, your Honor.

14         THE COURT:  Anything from the defense?

15         MR. MACCARONE:  No, your Honor.

16         THE COURT:  Then Mr. D'Urso, in light of everything

17   we've now discussed, how do you plead first to Count One of

18   this indictment, S1 21 Cr. 652, guilty or not guilty?

19         THE DEFENDANT:  Guilty.

20         THE COURT:  And Count Two, guilty or not guilty?

21         THE DEFENDANT:  Guilty.

22         THE COURT:  And Count Three, guilty or not guilty?

23         THE DEFENDANT:  Guilty, your Honor.

24         THE COURT:  Because the defendant has shown that he

25   understands his rights, because he has acknowledged his guilt

M991DURP

1    as charged, and because his plea is entered knowingly and

2    voluntarily and is supported by an independent basis in fact,

3    containing each of the essential elements of each of the three

4    offenses, I accept his plea and adjudge him guilty of Counts

5    One, Two, and Three of Indictment S1 21 Cr. 652.

6          Now, Mr. D'Urso, the next stage in this process is

7    that the probation office will prepare what's called a

8    presentence report to help me determine sentence, and as part

9    of that, you'll be interviewed by the probation officer. You

10   can have your counsel present to advise you of your rights, but

11   under my practices, you personally need to answer the questions

12   put to you by the probation officer. Do you understand?

13         THE DEFENDANT: Okay, yes.

14         THE COURT: After that report is in draft form but

15   before it's in final form, you and your counsel and also

16   government counsel will have a chance to review it and to offer

17   suggestions, corrections, and additions directly to the

18   probation officer, who will then prepare the report in final to

19   come to me.

20         Independent of that, counsel for both sides are hereby

21   given leave to submit directly to the Court in writing any and

22   all materials bearing on any aspect of sentence, provided that

23   those materials are submitted no later than one week before

24   sentence. And we will put the sentence down for?

25         THE DEPUTY CLERK: Thursday, January 12th, at 4.

M991DURP

1          THE COURT:  Thursday, January 12th, at 4 p.m.

2          Okay.  Now there was one other matter I wanted to

3     raise.  I was informed by the probation office that you,

4     Mr. D'Urso, were recently arrested on a state charge of larceny

5     apparently arising out of a domestic dispute with Antonella

6     Chiaramonte.  I don't need to know at this point whether that's

7     true or false or anything else about it, but let me ask your

8     counsel, is there any objection to my ordering that he have no

9     further contact with her until further order of the Court?

10          MR. MACCARONE:  We have no objection at all, Judge.

11          THE COURT:  Okay.  Very good.  I will so order.

12          All right.  Anything else we need to take up today?

13          MR. JONES:  Yes, your Honor.  We passed up beforehand

14     a consent preliminary order of forfeiture.

15          THE COURT:  I'm sorry.  You did submit a consent

16     preliminary order as to forfeiture, and I have reviewed it and

17     I'm signing it now, and will give it to my courtroom deputy to

18     docket.

19          Anything else?

20          MR. JONES:  No, your Honor.  Thank you.

21          THE COURT:  Okay.  Anything else from the defense?

22          MR. MACCARONE:  No, your Honor.

23          THE COURT:  Very good.  Thanks very much.

24                              o0o

25